[Cite as *Johnson v. State*, 2017-Ohio-4181.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104838**

## SHAYLA JOHNSON

PLAINTIFF- APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED; REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-814379

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 8, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Brian R. Gutkoski
Assistant Prosecuting Attorney
1200 Ontario Steet
Justice Center, 8th Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Marcus R. Sidoti
Mary Catherine O'Neill Corrigan
Jordan & Sidoti, L.L.P.
50 Public Square
Terminal Tower, Suite 1900
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant, the state of Ohio, appeals from the judgment of the Cuyahoga County Court of Common Pleas finding plaintiff-appellee Shayla Johnson to be a wrongfully imprisoned individual under R.C. 2743.48(A). For the following reasons, we reverse and remand.

**Facts and Procedural Background**

{¶2} Johnson was convicted of drug trafficking, drug possession and possessing criminal tools stemming from a November 2, 2011 controlled buy/ bust operation conducted by the vice unit of the Cleveland Police Department. This court overturned Johnson's convictions in *State v. Johnson*, 8th Dist. Cuyahoga No. 98966, 2013-Ohio-2692, finding that the state failed to present sufficient evidence to support the charges against her. *Id.* at ¶ 14.

{¶3} On September 25, 2013, Johnson filed a complaint against the state for wrongful imprisonment seeking to recover the approximately 11-month period she was incarcerated on the above charges. The case proceeded to a bench trial. At the onset of trial, the state stipulated that it was not contesting elements one, two or three of the five part definition of a "wrongfully imprisoned individual" under R.C. 2743.48(A). The record reflects that the state did contest both the fourth and fifth elements at trial.

{¶4} The trial court found in favor of Johnson and issued a judgment entry explaining its decision. It found that the state had stipulated that Johnson satisfied the fourth element for wrongful imprisonment, R.C. 2743.48(A)(4), in addition to the first

three elements. The trial court then made a number of factual findings pertaining to the fifth element, R.C. 2743.48(A)(5), and found in favor of Johnson on that element. It concluded that Johnson had met her burden in demonstrating that she was a wrongfully imprisoned person under the statute.

**Law and Analysis**

**I. Erroneous Stipulation**

{¶5} In its first assignment of error, the state argues that the trial court failed to properly rule on the fourth element of wrongful imprisonment under R.C. 2743.48(A)(4). This error is plain from the record that reflects that the state stipulated only to the first three elements of the statute and contested both R.C. 2743.48(A)(4) and (A)(5) both on summary judgment and at trial. It is not the province of this court to usurp, in the first instance, the fact finding role of the trial court. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus ("the weight to be given the evidence and the credibility of witnesses are primarily for the trier of facts"). Because it is clear from the record that the trial court relied upon the incorrect belief that the state had stipulated to the fourth element and did not engage in the necessary fact finding with respect to R.C. 2743.48(A)(4), we reverse and remand for proper consideration of that element.

{¶6} In light of our conclusion that the trial court has yet to fulfill its fact–finding duty with respect to all elements of R.C. 2743.48, we find that consideration of

the state's second assignment of error, a manifest weight challenge to the trial court's ruling, to be inappropriate at this juncture.

{¶7} Finally, we note that the trial court in the criminal case underlying this action, to-wit: Cuyahoga C.P. No. CR-11-556207-C erroneously entered a dismissal without prejudice on September 16, 2013. Pursuant to this court's opinion in *Johnson*, 8th Dist. Cuyahoga No. 98966, 2013-Ohio-2692, the dismissal of the criminal case should be with prejudice.

{¶8} The judgment of the trial court is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR